UNITED STATES of America,
Plaintiff–Appellee,

v.

Frank MALAVE, Defendant–Appellant.

No. 93–2579.

United States Court of Appeals,
Seventh Circuit.

Submitted [1] Jan. 13, 1994.

Decided April 14, 1994.

---

1. On January 12, 1994 defendant filed a motion to waive oral argument. By order dated January 12, 1994 this Court granted the motion. This appeal, therefore, was decided on the briefs and the record.

William J. Lipscomb, Office of the U.S. Atty., Milwaukee, WI, for plaintiff-appellee.

Michael J. Fitzgerald, Coffey, Coffey & Geraghty, Milwaukee, WI, for defendant-appellant.

**2.** In September 1992 Malave was charged by a grand jury with a single count of assault on a federal officer in violation of 18 U.S.C. § 111(a)(1). A month later, the grand jury entered a superseding indictment adding a charge of conspiracy to distribute in excess of five kilograms of cocaine to the original charge. The charge of assault on a federal officer was later

Before CUMMINGS, ESCHBACH and FLAUM, Circuit Judges.

CUMMINGS, Circuit Judge.

After having pled guilty to the charge of conspiracy to distribute a controlled substance, defendant Frank Malave ("Malave") made a motion to withdraw his plea. The district court denied the motion and Malave now appeals.

*Background*

On the day of his trial in January 1993, without having secured a plea bargain, Malave pled guilty to the charge of conspiracy to distribute in excess of five kilograms of cocaine, a violation of 21 U.S.C. §§ 841(a)(1), 846.[2] Malave indicated that because the trial court would not allow his appointed counsel to withdraw, he felt he had "no choice but to plead guilty" (Tr. Jan. 19, 1993 at 3). On various occasions prior to pleading Malave had expressed dissatisfaction with the performance of his appointed trial counsel; the district court, however, denied counsel's various motions to withdraw.

The district court immediately responded to Malave's claim that he had "no choice but to plead," making clear that the court would not allow a defendant to plead guilty merely "because ... of what [he] determine[s] to be the experience or lack thereof of [his] present counsel" (Tr. Jan. 19, 1993 at 3). Malave nevertheless pled guilty, assuring the court that he "would enter a plea of guilty even if [his] counsel was not present" (Tr. Jan. 19, 1993 at 18).

Before accepting the plea, the district court conducted an extensive examination of Malave, determining among other things that he understood the elements of the charge against him, that he understood that he had the right to a jury trial, and that his plea was

dropped, but a charge of money laundering was added by a second superseding indictment. Although Malave did not plead guilty to the money-laundering charge, the government indicated that in light of his plea to the conspiracy charge it would not proceed with its prosecution of the money-laundering count (Tr. Jan. 19, 1993 at 6).

not the product of any threats or promises. Malave acknowledged his involvement in a conspiracy to distribute cocaine, but denied that the conspiracy involved all the parties or all the amounts the government claimed (Tr. Jan. 19, 1993 at 29). The government advised the court of its case against Malave, outlining the testimony of various witnesses who claimed to have been involved with Malave in cocaine distribution. Based on the government's proffer and the defendant's admissions, the court accepted Malave's plea and set the case for sentencing.

Prior to sentencing, the district court granted a motion by Malave to substitute retained counsel for his appointed trial counsel. Malave then filed a motion to withdraw his plea on the grounds that, first, the plea was not voluntarily made and, second, that there was an inadequate factual basis for the plea. After a hearing, the court denied the motion. Malave now appeals.

*Analysis*

■ A defendant's motion to withdraw a guilty plea is governed by Rule 32(d) of the Federal Rules of Criminal Procedure. Prior to sentencing a district court "may permit withdrawal of the plea upon showing by the defendant of any fair and just reason." Fed. R.Crim.P. 32(d). However, a defendant bears the burden of proving that such a "fair and just reason" exists, *United States v. Coonce,* 961 F.2d 1268, 1275 (7th Cir.1992), and has no absolute right to withdraw his plea. *United States v. Caban,* 962 F.2d 646, 649 (7th Cir.1992). Since the decision whether to permit a plea to be withdrawn rests within the discretion of the trial court, this Court will reverse a determination only on the showing of an abuse of discretion. *Id.*

Malave makes several claims on appeal. First he contends that his plea of guilty was not voluntarily made and should, therefore, be set aside. This argument takes two forms: (1) that Malave's plea was involuntary because it was the product of deficient performance by his trial counsel; and (2) that his plea was involuntary because it was made in response to the district court's refusal to replace his appointed counsel. Next Malave contends that his guilty plea should be set

aside because there was not an adequate factual basis for his plea. We address each of these contentions in turn.

■ Malave's contention that his guilty plea was not voluntary and intelligent because his attorney provided constitutionally defective assistance is without merit. In order to succeed on such a claim, a defendant must show that advice on which his plea was predicated not only "'was not within the range of competence demanded of attorneys in criminal cases,'" *United States v. Alvarez–Quiroga,* 901 F.2d 1433, 1437 (7th Cir.1990) (quoting *Tollett v. Henderson,* 411 U.S. 258, 266, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235), certiorari denied, 498 U.S. 875, 111 S.Ct. 203, 112 L.Ed.2d 164, but also that there is a "reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674.

■ Since it disposes of Malave's claim, we will address the prejudice component first. *Id.* at 697, 104 S.Ct. at 2069 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant...."). Although Malave makes sweeping claims regarding the inadequacy of his trial counsel's performance, he completely fails to establish that there is a reasonable probability that but for his counsel's alleged ineffectiveness he would not have pled guilty. For example, although Malave accuses his trial counsel of failing to investigate his case adequately, he gives no indication of what such investigation would have produced that would have altered his decision to plead guilty. Similarly, although he complains that his trial counsel failed to make sufficient motions, Malave fails to tell this Court what motions his trial counsel should have made or how such motions would have affected his plea.

Malave's other examples of ineffective assistance of counsel suffer the same defect. Although Malave contends that he had "problems in maintaining contact with [his trial counsel]" (Br. 7), he does not indicate how this alleged lack of communication influenced his decision to plead guilty. And al-

though he asserts that his lawyer "lack[ed] experience in defending serious federal criminal prosecutions" (Br. 7), Malave fails in his brief to demonstrate that he was prejudiced in any specific way by his trial counsel's alleged lack of experience. *Daniels v. Maggio,* 669 F.2d 1075, 1082 (5th Cir.1982) (to sustain a claim of ineffective assistance of counsel, defendant must show "actual adverse impact upon the fairness of his trial resulting from counsel's lack of criminal experience"), certiorari denied, 459 U.S. 968, 103 S.Ct. 295, 74 L.Ed.2d 278. And since Malave has failed to demonstrate that there is a reasonable probability that but for the allegedly deficient performance of his counsel he would not have pled guilty, his first claim cannot succeed.[3]

■■■ Malave also claims his plea was involuntary because it was the product of the district court's refusal to replace his appointed counsel—he contends that "he had no choice but to plead guilty" (Br. 10) once the district court refused his motion to substitute new counsel for counsel he believed was ineffective. However, before it would accept Malave's plea, the district court went to great lengths to establish that his plea was voluntary and not the product of, among other things, the court's refusal to appoint substitute counsel. Thus the court not only advised Malave of the elements of the charge against him, the minimum and maximum applicable penalties, and of his right to trial, but also specifically informed Malave that he should not plead guilty "because of what [he] determine[s] to be the experience or lack thereof of [his] present counsel" (Tr. Jan. 19, 1993 at 3). Malave pled guilty nonetheless, acknowledging that his plea was not the product of coercion (Tr. Jan. 19, 1993 at 28). Malave's statements at his plea hearing are presumed true, *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir.1987), a presumption overcome only if defendant satisfies a "heavy burden of persuasion." *Id.* Based on these

statements the district court rejected Malave's motion to set aside his plea, concluding that his plea was voluntary (App. 13). This conclusion is not clearly erroneous. *Id.* ("[A] district court's findings with respect to whether the defendant has met [his heavy] burden [of persuasion] will be accorded great weight and will not be reversed unless clearly erroneous."). Malave offers this Court no reason—other than unsubstantiated assertions that contradict his sworn testimony at his plea hearing—to find that his plea was the product of the district court's refusal to appoint new counsel.

■■■ Malave next argues that his guilty plea should be set aside because the district court erred when it determined that there was a factual basis for his plea. Malave claims that "his admissions were not sufficient to establish a factual basis for the offense" to which he pled guilty (Br. 11–12). However, as he himself acknowledges (Br. 11), the district court may find that a factual basis for a defendant's plea exists by using any information of record, including the government's proffer, *United States v. Musa,* 946 F.2d 1297, 1302 (7th Cir.1991), and having reviewed the government's proffer this Court is convinced that it establishes a factual basis for the plea. In fact, although Malave disputes some of the evidence offered by the government—he claims that he did not conspire with all of the individuals named by the government, and that he did not distribute the quantities of cocaine alleged by the government—Malave admits that he engaged in the basic conduct with which he was charged, conspiracy to distribute in excess of five kilograms of cocaine. See Tr. Jan. 19, 1993 at 29 ("I admit to conspiring and being involved, just not to all the amounts and the people that [the government is] claiming."); cf. Tr. Jan. 19, 1993 at 7 (Malave's attorney informs court that although Malave contests the amount of cocaine at issue, he agrees that

---

**3.** Although Malave's ineffective assistance of counsel claim may be resolved without an examination of trial counsel's actual performance, we note here that Malave's claims of ineffective assistance amount to little more than his subjective belief that his counsel was ineffective. Malave's claims are not supported by reference to examples of deficient performance and this Court has

found no examples of deficient conduct in its review of the record. On the evidence presented, therefore, this Court—if it were required to address the issue—would not be willing to conclude that Malave's counsel's performance was outside the range of competence demanded of attorneys in criminal cases.

it is in excess of five kilograms); Br. at 13–14. Although Malave's statements at his plea hearing raise questions about the extent of the conspiracy, the district court had a sufficient basis to conclude that a conspiracy existed and involved over five kilograms of cocaine. *Cf. United States v. Thompson,* 944 F.2d 1331, 1343–1344 (7th Cir.1991), certiorari denied, —— U.S. ——, 112 S.Ct. 1177, 117 L.Ed.2d 422 ("[A conspiracy conviction] does not establish beyond a reasonable doubt that the person charged in the indictment conspired with every other person charged in the indictment.... [I]t simply means that he agreed with at least one other person to violate the drug laws.").

 Finally, Malave contends that his "admissions were not sufficient ... to establish a single, overall conspiracy" (Br. 15), but rather established multiple conspiracies and that this fact somehow requires that he be allowed to withdraw his plea. However, since he admits that he conspired with others to distribute cocaine, we cannot see why this Court should set aside Malave's plea merely because he contends that his admittedly illegal conduct took a different form—multiple conspiracies, rather than a single conspiracy—than the government alleged. A variance that does not affect the substantial rights of the defendant can be disregarded, *cf. United States v. Townsend,* 924 F.2d 1385, 1390 (7th Cir.1991) (defendant must show not only that he did not conspire with each named individual, but also that he was prejudiced by the variance) and the variance here clearly did not prejudice Malave: regardless of who the members of the conspiracy were, it is clear from the government's proffer and from Malave's admissions that a conspiracy occurred. The district court, therefore, was completely justified in accepting Malave's plea. Thus, this claim, like his others, is without merit.

Other claims of error suggested by Malave's briefs have been considered by this Court but do not warrant discussion.

### Conclusion

Because this Court does not consider that it was an abuse of discretion to deny Malave's motion to withdraw his plea, the determination of the district court is AFFIRMED.