67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andre PAGSISIHAN, Petitioner-Appellant,
v.
Jerry D. GILMORE, Respondent-Appellee.
 No. 94-2187.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 27, 1995.*
Decided Sept. 27, 1995.
 
 Before CUMMINGS, PELL and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Andre Pagsisihan appeals the district court's denial of a petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. Convicted in the state of Illinois of robbery and possession of a stolen motor vehicle following a bench trial, see Ill.Rev.Stat. ch. 38, para. 18-1 and ch. 95- 1/2, para. 4-103 (1991) (renumbered as 720 ILCS 5/18-1 and 625 ILCS 5/4-103 (West 1993)), he is serving two concurrent nine-year prison terms. The issues he raises in his petition are properly before us, having been presented to the state courts on direct appeal.
 
 
 2
 Pagsisihan first claims that he received ineffective assistance of counsel at trial as a result of the state court's refusal to grant a continuance on the first day of trial. Apparently defense counsel, an assistant public defender, was unaware until immediately before a pretrial conference that the case was set for trial that same day. At the conference, he requested a continuance explaining to the court that he was newly assigned to the case and that his predecessor's notes did not indicate that the case was set for trial. Although the court denied the request to immediately continue the trial, it agreed to grant a 29-day continuance after the State presented its case to allow the public defender to prepare his defense.
 
 
 3
 A state prisoner may obtain relief through the writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2254(a). To state a claim for ineffective assistance of counsel, the petitioner must establish that his attorney's performance fell below an objective level of reasonableness such that his trial was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
 
 
 4
 Although Pagsisihan argues that the court abused its discretion in denying the continuance, he provides us with no evidence of his attorney's deficient performance. See, e.g. United States v. Malave, 22 F.3d 145, 148 n. 3 (7th Cir.1994) (without reference to specific examples of deficient performance, this court would not conclude that counsel's performance was ineffective). In fact, on cross-examination of the victim, defense counsel challenged the victim's version of the facts, eliciting a statement that the victim never saw the defendant in the stolen vehicle that tried to hit him. Moreover, Pagsisihan has made no showing of prejudice. Although defense counsel allegedly told the court at some later date that the case may not have gone to trial had the continuance been granted, Pagsisihan fails to develop this argument to indicate how he was prejudiced. Even if we assume that he may have pleaded guilty to some or all of the charges, we point out that Pagsisihan was actually acquitted of three of the original charges (burglary and two counts of aggravated battery) because he went to trial. Accordingly, we find no evidence of ineffective assistance of counsel in this case.
 
 
 5
 Pagsisihan also challenges the trial court's subsequent denial of a request for a continuance at the sentencing hearing to permit the possible substitution of the assistant public defender with retained counsel. At the time the request was made new counsel had not yet agreed to represent Pagsisihan. "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159 (1988). The Sixth Amendment does not guarantee a "meaningful attorney-client relationship" between the accused and counsel." Morris v. Slappy, 461 U.S. 1, 13-14 (1983). In Morris, for example, the Court held that a trial court has broad discretion to grant or deny a request for a continuance to substitute defense counsel, a Sixth Amendment violation occurring only when the trial court arbitrarily insists on the expeditious completion of the trial despite a justifiable request for a delay. Id. at 11-12; see also United States v. Robinson, 20 F.3d 270, 275 (7th Cir.1994) (a defendant's right to counsel of choice is not absolute and must sometimes give way to preserve the fair and efficient administration of justice).
 
 
 6
 Pagsisihan failed to articulate a reason before the trial court for requesting the substitution of counsel. Nor was it certain that the preferred attorney would agree to represent him. Under these circumstances and without any showing of prejudice from the continuing representation of the public defender, we find no support for the violation of petitioner's Sixth Amendment right. See, e.g., Urquhart v. Lockhart, 726 F.2d 1316, 1319 (8th Cir.1984) (trial court's refusal to grant continuance on first day of trial so that defendant could substitute appointed counsel with retained counsel was justified).
 
 
 7
 Next, Pagsisihan contends that his convictions for possession of a stolen motor vehicle and robbery are inconsistent with the trial judge's decision to acquit him on the burglary and aggravated battery charges. He argues that the trial judge acquitted him because he believed Pagsisihan was innocent; thus, the convictions should be reversed. Assuming arguendo that the verdicts are inconsistent, the Constitution does not require the convictions to be set aside on a writ of habeas corpus if the defendant was found guilty beyond a reasonable doubt after a fair bench trial. Harris v. Rivera, 454 U.S. 339 (1981) (per curiam). There being no allegation that the trial was "unfair," this claim is without merit.
 
 
 8
 Pagsisihan also challenges the sufficiency of the evidence to convict him of possession of a stolen motor vehicle and robbery. Upon review of a state court conviction we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). State court findings of historical fact are presumed to be correct. 28 U.S.C. Sec. 2254(d); see Biskup v. McCaughtry, 20 F.3d 245, 248-49 (7th Cir.1994). At trial, the victim Orlando Plaza testified that he was driving his car when he saw a female friend and stopped to speak with her. At that point, Pagsisihan approached the car and asked what Plaza wanted. Another man started to pull Plaza out of the car as Pagsisihan and several other men began to punch him. As Plaza attempted to flee, Pagsisihan and the others pursued him and hit him with a bottle and a brick. Plaza continued to run until Pagsisihan was the only one still following him and punching him. Then Pagsisihan entered an automobile and tried to hit Plaza. Plaza managed to escape to his home. On cross-examination, Plaza admitted that he did not hear Pagsisihan tell anyone to get into the car and acknowledged that he never actually saw Pagsisihan in his car.
 
 
 9
 Robbery is committed through the taking of property from the person or presence of another by the use of force or by threatening the imminent use of force. Ill.Rev.Stat. ch. 38, para. 18-1. Possession of a stolen vehicle requires proof of possession without the owner's permission. Ill.Rev.Stat. ch. 95- 1/2, para. 4-103. Under Illinois law, a defendant will be held accountable for the conduct of another when "[e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." Ill.Rev.Stat. ch. 38, para. 5-2(c) (now 720 ILCS 5/5-2(c) (West 1992)). Although the defendant's mere presence at the crime scene is not enough, evidence showing that the accused was present at the crime without disapproving or opposing it permits the inference that the defendant assented to the commission of the crime and thereby aided and abetted it. People v. Houston, 629 N.E.2d 774, 778 (Ill.App.Ct.1994).
 
 
 10
 Even if Pagsisihan did not actually enter and drive away with the stolen vehicle, the trier of fact could reasonably conclude that he aided the commission of the offenses by striking Plaza and chasing him away from the vehicle so that the other men could take Plaza's personal effects and his car. See, e.g. People v. Lee, 611 N.E.2d 561 (Ill.App.Ct.1993) (defendant could be held accountable for robbery and unlawful possession of a stolen vehicle even if the jury believed he did not actively participate in the physical attack and taking of the stolen property; defendant was at the crime scene, did not aid the victim, remained with the actual perpetrators after leaving the crime scene, and made no attempt to contact the police); People v. Johnson, 581 N.E.2d 118, 122-23 (Ill.App.Ct.1991). Accordingly, there was sufficient evidence to convict Pagsisihan of both robbery and possession of a stolen vehicle.
 
 
 11
 Based on the foregoing reasons, the district court's denial of the petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement was filed. Accordingly, the appeal is submitted on the briefs and the record