95 F.3d 1154
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven J. SENECHAL, Defendant-Appellant.
 No. 96-1237.
 United States Court of Appeals, Seventh Circuit.
 Argued July 10, 1996.
Decided Aug. 9, 1996.
Rehearing Denied Sept. 10, 1996.
 
 Before POSNER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Defendant Steven J. Senechal pleaded guilty and was convicted of drug trafficking offenses in violation of 21 U.S.C. §§ 841(a)(1), 843, 846, was sentenced to 204 months' imprisonment, and did not appeal that judgment. Subsequently the district court granted Senechal's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, after the government conceded that resentencing was required because defense counsel failed to file a timely notice of appeal. Senechal was then re sentenced, again to 204 months' imprisonment, and now he appeals that sentence, claiming that the forfeiture of his property violated the Double Jeopardy Clause, and that his guilty plea was involuntary and coerced by his attorney.
 
 
 2
 Senechal claims that the Double Jeopardy Clause prevents the government from imposing sentence for a criminal conviction after civil forfeiture. Even if he had not waived the claim by failing to participate in the forfeiture proceedings,[1] see U.S. v. Torres, 28 F.3d 1463 (7th Cir.1994), his claim is settled by U.S. v. Ursery, 116 S.Ct. 2135 (1996), which holds that "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." Ursery, 116 S.Ct. at 2149. The Senechal forfeitures were obtained under the same statutes as those at issue in Ursery, 21 U.S.C. § 881, which is governed by 19 U.S.C. § 1607. Ursery, 116 S.Ct. at 2147.
 
 
 3
 Senechal also argues that his guilty plea was not knowing and voluntary. Without explanation, he states that "his prior attorney coerced him into entering into the plea agreement." He has waited too long to raise this issue. A defendant may not wait until after sentencing to attempt to withdraw his guilty plea on the basis that it was involuntary and coerced by his attorney. Doe v. U.S., 51 F.3d 693, 698 n. 4 (7th Cir.1995); Smith v. Fairman, 862 F.2d 630, 634-35 (7th Cir.1989). See also U.S. v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993) (failure to challenge voluntariness of guilty plea before the district court waives the issue); U.S. v. Murphy, 899 F.2d 714, 716 (8th Cir.1990) (same). Senechal went through a plea hearing, a sentencing hearing, and § 2255 proceedings, before he finally raised (orally) the coercion argument at the resentencing hearing.
 
 
 4
 The plea agreement was signed by defendant on August 27, 1992. The change of plea hearing was held on September 18, 1992. On November 24, 1992, the sentence was imposed. No direct appeal was filed, but Senechal immediately began attempting to obtain permission to file a late appeal. Various proceedings continued in the period of 1992 through 1995, but none of the proceedings concerned the involuntary or coerced nature of the guilty plea. On August 29, 1995, Senechal filed a § 2255 motion, which alleged that he was denied effective assistance of counsel when his attorney failed to file a timely appeal from the conviction and sentence. Senechal argued that it was error for the sentencing court to find he was a supervisor or manager in the drug conspiracy; the calculation of the amount of cocaine involved was erroneous and he should be resentenced in the 5 to 15 kilogram range; the district court erred in imposing a fine; the conviction and forfeiture violated the Double Jeopardy Clause; and he was denied effective assistance of counsel because his attorney failed to file a timely notice of appeal and failed to raise the issues regarding the amount of drugs involved and the fine imposed. There is nothing in the § 2255 motion about the voluntariness of the plea.
 
 
 5
 On January 16, 1996, the government conceded that resentencing was necessary due to the failure of defense counsel to file a timely notice of appeal[2] from the original sentence. See U.S. v. Nagib, 56 F.3d 798, 801 (7th Cir.1995) (prejudice is presumed where trial counsel fails to follow defendant's instruction to file a notice of appeal from a criminal conviction and sentence); Castellanos v. U.S., 26 F.3d 717, 718 (7th Cir.1994) (same). On January 25, 1996, the district court granted the § 2255 motion, "set judgment aside," and reimposed sentence "with same terms and conditions as previously set." At this hearing, defendant first alleged that he was coerced by his previous attorney into signing the plea agreement. Throughout the four years from conviction to the resentencing hearing, there is nothing in the record indicating that Senechal wished to withdraw his guilty plea because the plea was a result of coercion by his attorney. It is now too late. See, e.g., U.S. v. Baez, 87 F.3d 805 (6th Cir.1996) (67-day delay); U.S. v. Guthrie, 64 F.3d 1510, 1514 (10th Cir.1995) (four-month delay).
 
 
 6
 In addition, the plea agreement expressly states that the " 'relevant conduct' in this case involves between 15 and 50 kilograms of cocaine." The agreement also states that the "offense to which the defendant will enter a plea of guilty carries a minimum penalty of ten (10) years in prison up to a maximum of life imprisonment without parole...." Moreover, the plea hearing complied with Rule 11. Senechal's statement at that hearing that he had not been coerced is presumed to be true. Fed.R.Crim.P. 11; U.S. v. Messiino, 55 F.3d 1241, 1248 (7th Cir.1995); U.S. v. Malave, 22 F.3d 145, 148 (7th Cir.1994); U.S. v. Ivory, 11 F.3d 1411, 1414-15 (7th Cir.1993).
 
 
 7
 The crux of Senechal's position is found in a letter to his trial attorney: "I did not expect a 17 year sentence according to my plea agreement which you informed me would be a 12 year sentence. As I previously discussed with you, I am unhappy with the severe sentence I received...." Even if it were timely, this is not a sufficient ground to permit the withdrawal of a guilty plea. See U.S. v. Wenger, 58 F.3d 280, 282-83 (7th Cir.1995).
 
 Conclusion
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 In addition to defendant's failure to respond to the notices of forfeiture, the plea agreement provides: "As a condition of this agreement, the defendant agrees to forfeit his interest, if any, in any property listed as forfeitable under the forfeiture provisions of the indictment." Several of the items forfeited were not named in the indictment. Nevertheless, defendant failed to contest any of the forfeitures. Cf. U.S. v. Ursery, 116 S.Ct. 2135, 2149 (1996) ("[T]here is no requirement in the statutes that we currently review that the Government demonstrate scienter in order to establish that the property is subject to forfeiture; indeed, the property may be subject to forfeiture even if no party files a claim to it and the Government never shows any connection between the property and a particular person")
 
 
 [2]
 Trial counsel wrote in a December 1992 letter to defendant that defendant had not indicated a "desire to file an appeal" within the 10-day filing period, and moreover: "I am a trial attorney, not an appellant attorney, and hence, I will decline to handle any appeal at this stage."
 Subsequently, defense counsel admitted that he received a letter from Senechal requesting that he file an appeal outside the 10-day period, but within 30 days from the expiration of the 10-day filing period, but that he was not aware that he could file a request for an extension of time under Fed.R.App.P. 4(b).