**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 27, 2006
Decided September 28, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2095

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 05-CR-28 |
| RANDY K. SCOTT, *Defendant-Appellant*. | Rudolph T. Randa, *Chief Judge*. |

**O R D E R**

Randy Scott pleaded guilty to conspiracy to distribute at least five kilograms of cocaine and 50 grams or more of cocaine base. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). He filed a notice of appeal, but his appointed counsel moves to withdraw, stating that he cannot discover a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (967). Scott has accepted our invitation to respond to counsel's brief in support of his motion. *See* Cir. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief and Scott's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Scott was a member of an interstate drug-trafficking ring based in Milwaukee, Wisconsin, until November 2004, when a co-conspirator shot him in the head to settle a personal dispute and an unpaid drug debt. As the government put it, that was the moment in which "Scott's involvement in the conspiracy ended." He

survived the shooting, however, and was later apprehended by authorities and charged with participating in the conspiracy. Scott eventually entered into a plea agreement that called for the government to move for a prison sentence below the otherwise-applicable 20-year statutory minimum (based upon the drug quantity and his prior felony drug offense) in exchange for his substantial assistance in the prosecution of his co-conspirators. *See* 18 U.S.C. § 3553(e). After accepting Scott's guilty plea and granting the government's motion, the court calculated a guidelines imprisonment range of 151 to 188 months. The court sentenced Scott to 156 months' imprisonment and 10 years' supervised release.

Counsel first examines in his *Anders* submission whether Scott could challenge his guilty plea, and concludes that any such challenge would be frivolous. Scott, to the contrary, asserts in his response that it would not be frivolous to challenge the voluntariness of his plea because he was "coerced" by the prosecution and his trial counsel into entering into the written plea agreement. But this assertion is belied by what Scott stated both in the plea agreement and under oath at his plea colloquy: that he actually committed the charged crime, that he received no threats or promises which induced him to plead guilty, and that he was satisfied with his trial counsel's representation. We presume these statements are true, *see United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001); *United States v. Malave*, 22 F.3d 145, 148 (7th Cir. 1994), and Scott points to nothing in the record rebutting this presumption. Moreover, to the extent that Scott would like to argue that his attorney's "coercion" amounted to constitutionally deficient representation, such an argument is more appropriately raised in a collateral proceeding under 28 U.S.C. § 2255 where the record can be further developed. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). Scott alleges no other error stemming from his plea colloquy, and our review of the record reveals that the district court substantially complied with Fed. R. Crim. P. 11 during the hearing. Counsel is thus correct that it would be frivolous to challenge Scott's guilty plea. *See Schuh*, 289 F.3d at 974-75.

Scott also suggests that he could challenge his conviction on the ground that he was entrapped by law enforcement agents; specifically, Scott claims that a police detective "persisted over a period of time in inducing and persuading me to commit the crime in question." However, Scott did not enter into a conditional guilty plea, *see* Fed. R. Crim. P. 11(a)(2), and therefore waived all non-jurisdictional defects by pleading guilty, *see United States v. Rogers*, 387 F.3d 925, 932 (7th Cir. 2004). And in any event, Scott fails to point to any evidence in the record that supports an entrapment defense; to the contrary, he admitted at sentencing that he joined the drug conspiracy several months before having contact with any government agent regarding the drug conspiracy. *See United States v. Haddad*, No. 05-3086, 2006 U.S. App. LEXIS 23413, at *12 (7th Cir. Sep. 14, 2006) (stating that to argue entrapment defendant must point to evidence of "lack of predisposition . . . to

engage in the crime"). And as the court noted at sentencing, whatever cooperation Scott provided to authorities benefitted him in the form of the government's § 3553(e) motion. Scott's suggested entrapment argument accordingly would be frivolous.

Finally, counsel contemplates arguing that the prison term imposed by the district court is unreasonable, but correctly concludes that this contention would be frivolous as well. The 156-month term is presumptively reasonable because it falls within the properly calculated advisory guidelines range, so Scott would have to establish that he rebutted that presumption by pointing to information that compelled a lower sentence in light of the factors outlined in 18 U.S.C. § 3553(a). *See United States v. Lange*, 445 F.3d 983, 987 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Here, the district court considered factors that supported a lower sentence, including Scott's cooperation with the authorities, his lack of a supportive family, and his positive behavior while in custody awaiting trial. The court nevertheless concluded that a sentence within the range was warranted because the drug-trafficking ring brought a substantial amount of drugs into the community, *see* 18 U.S.C. § 3553(a)(2)(A), and because Scott had previous drug and federal firearms convictions and admitted to using drugs daily, *see id.* § 3553(a)(1). Counsel is unable to identify any other factors that would have compelled a lower sentence.

We accordingly GRANT counsel's motion to withdraw and DISMISS the appeal.