**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4626

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES VERNON HERBERT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:15-cr-00341-LCB-2)

Submitted:  May 31, 2017                    Decided:  August 15, 2017

Before KING, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Providence E. Napoleon, ALLEN & OVERY LLP, Washington, D.C., for Appellant. Sandra J. Hairston, Acting United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Vernon Herbert appeals his conviction and 70-month sentence for conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2012). He argues: (1) a factual basis did not support his guilty plea; (2) his sentence is procedurally and substantively unreasonable; and (3) the district court violated his Sixth Amendment rights during sentencing. We affirm.

Because Herbert did not object to the adequacy of the factual basis or seek to withdraw his guilty plea below, we review for plain error the sufficiency of the factual basis. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). A sentencing court must ensure that a factual basis supports the guilty plea before entering judgment on the plea. *United States v. Mastrapa*, 509 F.3d 652, 659 (4th Cir. 2007); Fed. R. Crim. P. 11(b)(3). For a defendant "[t]o be found guilty of conspiracy to distribute . . . cocaine, the government must prove: (1) an agreement to possess . . . cocaine with intent to distribute between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of the conspiracy." *United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013).

Herbert contends that the factual basis was insufficient to support his guilty plea because he admitted to conspiring only with Alfonzo Knight and not to any of the other indicted individuals. The record reflects, and Herbert admits, that he knowingly and volunteeringly agreed with Knight to distribute cocaine hydrochloride. This alone is sufficient to convict Herbert for conspiracy to distribute cocaine hydrochloride. *See Allen*, 716 F.3d at 103; *United States v. Malave*, 22 F.3d 145, 149 (7th Cir. 1994) (finding

2

sufficient factual basis for guilty plea where defendant admitted basic conduct of conspiracy but objected to number of coconspirators and conspiracies). Therefore, the district court did not err in concluding that a sufficient factual basis supported Herbert's guilty plea.

Next, Herbert contends that his sentence is both procedurally and substantively unreasonable because the district court considered two erroneous facts in applying an upward variance: (1) Herbert was involved in drug distribution activities at a mobile home park; and (2) Herbert enlisted Knight to engage in his criminal enterprise. Herbert alleges that the district court also erred by failing to individually analyze his actions and by formulating his sentence based on the sentences and collective conduct of his codefendants.

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We first consider whether the district court committed a significant procedural error, such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, choosing a sentence based on clearly erroneous facts, or failing to sufficiently explain the sentence. *Gall*, 552 U.S. at 51. The district court is required to "make an individualized assessment based on the facts presented." *Id*. at 50. We review a district court's "factual findings [at sentencing] for clear error, its legal conclusions de novo, and unpreserved arguments for plain error." *United States v. Strieper*, 666 F.3d 288, 292 (4th Cir. 2012).

3

Our review of the record convinces us that the district court did not consider clearly erroneous facts in sentencing Herbert. *See Gall*, 552 U.S. at 51. First, the court did not weigh Herbert's alleged involvement in drug distribution activities at the mobile home park in determining the sentence, and instead stated that Herbert's relevant conduct was recruiting Knight to conduct drug transactions while Herbert was in prison. During its discussion of the § 3553(a) factors, the court never mentioned Herbert's alleged involvement in the mobile home park operation, and it provided several other justifications for the upward variance. For these reasons, we need not address whether sufficient evidence tied Herbert to the mobile home park operation.

The district court also did not err in considering Herbert's "enlistment" of Knight to distribute drugs on his behalf. The district court conducted an individualized assessment of Herbert's § 3553(a) factors. It thoroughly reviewed the facts of the case and focused its rationale for the upward variance on Herbert's conduct and criminal history. The court did not mention any aspects of the mobile home park operation in its explanation of the variance. Thus, Herbert's sentence is procedurally reasonable.

Herbert also challenges his sentence's substantive reasonableness on the grounds that the district court considered erroneous facts. Herbert does not contest the length of the sentence or degree of the variance. Our substantive reasonableness analysis is based on "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* "If the district court relies on an improper factor, a sentence may be substantively

4

unreasonable." *United States v. Aplicano-Oyuela,* 792 F.3d 416, 425 (4th Cir. 2015). As discussed above however, the district court did not consider improper factors in sentencing Herbert, and its sentence is therefore substantively reasonable.

Finally, Herbert alleges that the district court violated his Sixth Amendment rights by relying on facts outside of the record to impose an upward variance. He argues that by improperly relying on his alleged involvement in the mobile home park operation and enlistment of Knight, the court imposed a sentence greater than the maximum allowed by the admitted facts.

Because Herbert raises this claim for the first time on appeal, we review it for plain error. *United States v. Hughes*, 401 F.3d 540, 547 (4th Cir. 2005). The Sixth Amendment's jury-trial guarantee prohibits the district court from "impos[ing] a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Cunningham v. California*, 549 U.S. 270, 274 (2007). Because Herbert was sentenced within the statutory maximum and pursuant to the advisory Sentencing Guidelines, he is entitled to no relief on this claim.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5