Liu v. Barr

BIA
Christensen, IJ
A202 128 997

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty.

PRESENT:
BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

_____

MINGSHENG LIU,
*Petitioner*,

v.                                                          18-667
                                                            NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mingsheng Liu, a native and citizen of the People's Republic of China, seeks review of a February 14, 2018 decision of the BIA affirming a June 15, 2017 decision of an Immigration Judge ("IJ") denying Liu asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mingsheng Liu*, No. A202 128 997 (B.I.A. Feb. 14, 2018), *aff'g* No. A202 128 997 (Immig. Ct. N.Y.C. June 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The agency did not err in concluding that Liu failed to satisfy his burden of proving that he suffered

past persecution under China's family planning policy or a well-founded fear of future persecution in China on account of his practice of Christianity.

Family Planning Claim

Assuming that Liu was targeted for resisting the family planning policy, he failed to establish that he suffered persecution on account of that resistance. He did not allege that the fines imposed caused him "severe economic disadvantage" as required to demonstrate economic persecution. *In re T-Z-*, 24 I. & N. Dec. 163, 170-75 (BIA 2007); *see also Huo Qiang Chen v. Holder*, 773 F.3d 396, 405-06 (2d Cir. 2014); *Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Further, the agency did not err in concluding that the family planning officials' requests for Liu to report for sterilization, their attempt to coerce compliance by ransacking his parents' home, and the fines, each and collectively, failed to constitute persecution. *See* 8 U.S.C. § 1101(a)(42) (providing that *forced* sterilization under a population control program constitutes persecution); *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept

3

that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)); Gui Ci Pan v. U.S. Att'y General, 449 F.3d 408, 412–13 (2d Cir. 2006) (providing that unfulfilled threats are not persecution).

Because Liu did not demonstrate past persecution under the family planning policy, he was not entitled to a presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1). And Liu does not challenge the agency's determination that he failed to independently demonstrate a well-founded fear of future persecution under the family planning policy.

Religious Persecution Claim

Liu does not allege that he suffered past persecution for his practice of Christianity. Nevertheless, absent past persecution, an alien may still establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). To do so, an applicant must show either a reasonable possibility that he will be singled out for persecution or that the country of

4

removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii); *Hongsheng Leng*, 528 F.3d at 142. "[A]n alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng*, 528 F.3d at 143.

The agency did not err in finding that Liu failed to establish a well-founded fear of persecution because he did not demonstrate that Chinese officials are aware of or likely to become aware of his religious activities. Liu admitted that Chinese officials do not know about his religious practice. As to whether Chinese officials are likely to discover his religious activities, Liu testified that unspecified individuals would report him to authorities for attending church. Given this limited testimony, the agency did not err in finding that Liu failed to demonstrate a "reasonable possibility" that Chinese officials will discover his practice as required to state a fear of future persecution. *Hongsheng Leng*, 528 F.3d at 143; *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an

5

applicant's] fear is speculative at best.").

The agency also did not err in determining that Liu failed to establish a pattern or practice of persecution of similarly situated individuals. The IJ acknowledged that the country conditions evidence demonstrated that the Chinese government restricts religious activities and that authorities harass and persecute religious practitioners in some areas of China. As the IJ noted, however, the country conditions evidence also provides that there are millions of Christians in China who practice their religion without government interference. Therefore, the agency did not err in determining that Liu failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution. *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii).

Liu's failure to establish either past harm rising to the level of persecution or a well-founded fear of persecution was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court