Lin v. Garland

BIA
Vomacka, IJ
A206 529 429

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-one.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
WILLIAM J. NARDINI,
    *Circuit Judges.*

_____

HAIYAN LIN,
    *Petitioner,*

v.                                              19-3630
                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Joan Xie, Esq., New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant
                       Attorney General; Mary Jane

Candaux, Assistant Director; Remi Da Rocha-Afodu, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Haiyan Lin, a native and citizen of the People's Republic of China, seeks review of an October 25, 2019, decision of the BIA affirming a March 22, 2018, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Haiyan Lin*, No. A206 529 429 (B.I.A. Oct. 25, 2019), *aff'g* No. A206 529 429 (Immigr. Ct. N.Y. City Mar. 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's demeanor finding that the BIA declined to affirm. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d

2

67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Lin was not credible as to his claim that police in China detained and beat him for practicing Falun Gong and that he fears future persecution on that ground.

The IJ reasonably relied on Lin's inconsistent evidence regarding when he last travelled to China, how long he was detained, why he did not submit evidence of the medical treatment he received after his release, and whether he

3

organized a Falun Gong promotional event or was merely photographed at it. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The agency also reasonably relied on Lin's inability to describe the five movements of Falun Gong despite his claim to have practiced for more than six years. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (recognizing that there may be "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding").

Having questioned Lin's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony

4

that has already been called into question."). We find no error in the agency's decision declining to credit unsworn letters from Lin's father and friend in China. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'"). The IJ also reasonably noted that Lin failed to submit evidence from his uncle who purportedly paid the fine to secure his release from detention, the hospital where he sought treatment, or his fellow Falun Gong practitioners in the United States.

Given the inconsistencies, Lin's lack of knowledge of Falun Gong, and absence of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court